**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| R. R. DONNELLEY & SONS COMPANY and HERITAGE PRESERVATION CORPORATION,<br><br>                         Plaintiffs,<br><br>v.<br><br>WORKFLOWONE LLC,<br>                         Defendant. | Civ. Action No.: 11-cv-8134<br><br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiffs R. R. Donnelley & Sons Company ("RR Donnelley") and Heritage Preservation Corporation ("Heritage") (collectively, "Plaintiffs"), through undersigned counsel, bring this complaint to redress, among other things, Defendant WorkflowOne LLC's ("WorkflowOne") blatant and continued acts of trademark infringement, unfair competition, false designation of origin, and unfair and deceptive trade practices and acts under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*., as detailed herein.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over Plaintiffs' claims for trademark infringement and unfair competition pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the Lanham Act, 15 U.S.C. §§1051, *et seq.*  This Court has subject matter jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

2.      This Court has personal jurisdiction over WorkflowOne because upon information and belief, WorkflowOne routinely conducts, solicits, advertises, and/or transacts business within this judicial district and elsewhere in Illinois, derives substantial revenue from the sale, distribution and/or manufacture of goods or services within this judicial district and elsewhere in Illinois, and/or has otherwise made or established constitutionally sufficient contacts in this judicial district to permit this Court's exercise of personal jurisdiction.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and/or because a substantial part of the events giving rise to the claims in this action occurred in this District.

## PARTIES

4.      RR Donnelley is a Delaware corporation with its principal place of business at 111 South Wacker Drive, Chicago, Illinois  60606.

5.      Heritage is a South Carolina corporation with its principal place of business at 145 N. Church Street, #32, Spartanburg, South Carolina  29306.

6.      Upon information and belief, WorkflowOne is a Delaware limited liability company with its principal place of business at 220 East Monument Avenue, Dayton, Ohio 45402.  WorkflowOne claims to be one of the largest providers of print management, marketing and distribution services in North America.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

## THE VENUE® MARK

7.      Founded more than 146 years ago, RR Donnelley is a global provider of integrated communications and related services.  RR Donnelley works collaboratively with more than 60,000 customers throughout the United States and worldwide to develop custom solutions that reduce cost, enhance returns on investment, and ensure compliance.  Drawing on a range of

proprietary technologies employed across four continents, RR Donnelley offers a suite of leading Internet-based capabilities and other resources to provide a range of services, including without limitation premedia, printing, logistics and business process outsourcing products and services to customers in virtually every private and public sector.

8.       Since at least as early as 2008, RR Donnelley has offered its VENUE software solution, which is a secure, proprietary, online workspace and repository that allows customers to organize, manage, share and track information, and to control access of this information by others.  RR Donnelley has served over 30,000 VENUE users from approximately 3,500 organizations across the United States and worldwide, including Fortune 500 companies, top private equity firms, investment banks, law firms, and pharmaceutical, biotechnology, and medical product and device technology firms.

9.       RR Donnelley's VENUE software solution has a wide range of capabilities that can be customized to meet a variety of business needs.  The VENUE platform allows for, among other things, document management, translation services, localization and customization for individual sites on a worldwide basis, regulatory filings, financial print and print on demand, legal services, including document review, word processing and billing, judgment-based outsourcing for legal and financial due diligence, asset valuation, financial analysis, clinical trial assistance, and real estate services, including forensic re-underwriting, site inspections, asset management, and serving surveillance.  The VENUE platform also utilizes and integrates seamlessly with other RR Donnelley goods and/or services, such as CustomPoint, RR Donnelley's online Internet-based distribution and program management system, to allow for printing and distribution of materials.

10.     Heritage, a wholly-owned subsidiary of RR Donnelley, is the owner of all right, title, and interest in and to the VENUE mark, including without limitation U.S. Trademark Registration No. 3,773,050 ("the VENUE Registration") for VENUE for "providing temporary use of non-downloadable software via a global computer network for providing access to an on-line document repository for document collaboration and storage" in International Class 42. A true and accurate copy of the VENUE Registration is attached hereto as Exhibit 1.

11.     At all times relevant to this action, RR Donnelley has had the right to use the VENUE mark and all associated goodwill.

12.     Plaintiffs have invested substantial amounts of time and money to advertise, market, and promote their software solution and related services under the VENUE mark.

13.     The VENUE mark is a strong and distinctive mark that has been used by Plaintiffs in interstate commerce extensively and continuously as an indication of source for their goods and/or services. As a result of Plaintiffs' extensive use and promotion of the VENUE mark, RR Donnelley has built a valuable reputation and substantial goodwill that is symbolized by this mark. The purchasing public has come to recognize and associate the VENUE mark exclusively with RR Donnelley, and treats them as synonymous.

## WORKFLOWONE'S INFRINGING AND UNLAWFUL ACTIVITIES

14.     Upon information and belief, and according to WorkflowOne's own website, it "provides a wide range of products and services including business documents, electronic print and mail solutions, branded merchandise, label solutions, sales and marketing collateral, and distribution services." WorkflowOne also touts on its website that "[i]ts base of 12,000 clients includes leaders in the financial services, healthcare, manufacturing, retail and services sectors. These clients include many of the top 25 U.S. bank holding companies, four of the five leading

healthcare group purchasing organizations, leading manufacturers across a wide variety of industries, some of North America's largest retailers and dozens of national nonprofit organizations."

15.     Upon information and belief, and according to a press release issued by WorkflowOne, in or around August 2011, WorkflowOne began using the VENUE mark in connection with a web-based management software solution, which among other things allows customers to organize, manage, share, and track information.

16.     Upon information and belief, RR Donnelley and WorkflowOne are direct competitors, provide goods and/or services to the same or similar customers within the same or similar channels of trade, and market, advertise and promote their respective services to the same potential customers, including each entity's goods and/or services offered under VENUE.

17.     WorkflowOne began using the VENUE mark in connection with its products and services without Plaintiffs' permission, approval, or authorization.

18.     By letter dated September 1, 2011, WorkflowOne has been on notice of, among other things, WorkflowOne's infringing use of the VENUE mark, and WorkflowOne has refused to cease such conduct.

19.     Plaintiffs have used the VENUE mark extensively and continuously and long before WorkflowOne began selling, offering for sale, distributing, marketing, promoting, or advertising goods and/or services under the VENUE mark

20.     Plaintiffs are not related to, affiliated with, sponsored by, endorsed by, or otherwise connected in any way with WorkflowOne.  Plaintiffs have not authorized or approved any use by WorkflowOne of the VENUE mark.

21.     As detailed herein, and as the marks at issue are, among other things, identical in sight, sound, and meaning, used in connection with similar or related goods and services, used in in the same or similar channels of trade, WorkflowOne's use of the VENUE mark is likely to cause mistake or confusion among consumers, or to deceive consumers, by causing them to believe that the source of WorkflowOne's goods and services under the VENUE mark is RR Donnelley, and/or that WorkflowOne is related to, associated with, sponsored by, endorsed by, or otherwise affiliated or connected with Plaintiffs, which is not true.

22.     Upon information and belief, WorkflowOne has acted with full knowledge of Plaintiffs' prior ownership of, rights in, and use of the VENUE mark.

23.     Upon information and belief, WorkflowOne has willfully used, and continues to use, the VENUE mark with the intent to confuse, mislead, and deceive relevant consumers and the public, and unfairly trade on the substantial and valuable goodwill associated with Plaintiffs' VENUE mark, without Plaintiffs' authorization or consent.

24.     WorkflowOne's use of the VENUE mark is causing and will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION
### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (Lanham Act, 15 U.S.C. § 1125(a))

25.     Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 24 above as if set forth herein.

26.     WorkflowOne's use of the VENUE mark in connection with the sale, offering for sale, distribution, or advertising of, or in connection with, its goods and services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, association, origin,

sponsorship, or approval of WorkflowOne's goods, services or commercial activities by Plaintiffs.

27.     WorkflowOne has used, and continues to use, the VENUE mark in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and WorkflowOne's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and serious and substantial injury to Plaintiffs' business, goodwill, and reputation as symbolized by the VENUE mark, for which Plaintiffs have no adequate remedy at law.

28.     WorkflowOne's actions demonstrate a deliberate and willful intent to trade on the goodwill associated with the VENUE mark, thereby causing immediate, substantial and irreparable injury to Plaintiffs.

29.     As the direct and proximate result of WorkflowOne's actions, WorkflowOne has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief, and to recover WorkflowOne's profits, actual damages, enhanced damages, reasonable attorneys' fees and costs, and an order for impoundment and destruction pursuant to 15 U.S.C. §§ 1116, 1117, 1118 and 1125.

**SECOND CAUSE OF ACTION**
**FEDERAL TRADEMARK INFRINGEMENT**
**(Lanham Act, 15 U.S.C. § 1114)**

30.     Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 29 above as if set forth herein.

31.     WorkflowOne's use of the federally registered VENUE mark in connection with the sale, offering for sale, distribution or advertising of, or in connection with, its goods and services is likely to cause confusion, or mistake, or to deceive, by creating the false impression

that WorkflowOne's goods or services are affiliated, associated, or connected with Plaintiffs, or are sponsored, endorsed or approved by Plaintiffs.

32.     WorkflowOne has used, and continues to use, the federally registered VENUE mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and WorkflowOne's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and serious and substantial injury to Plaintiffs' business, goodwill, and reputation as symbolized by the VENUE mark, for which Plaintiffs have no adequate remedy at law.

33.     WorkflowOne's actions demonstrate a deliberate and willful intent to trade on the goodwill associated with the federally registered VENUE mark, thereby causing immediate, substantial and irreparable injury to Plaintiffs.

34.     WorkflowOne has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief, and to recover WorkflowOne's profits, actual damages, enhanced damages, and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1114, 1116 and 1117.

**THIRD CAUSE OF ACTION**
**UNFAIR AND DECEPTIVE TRADE PRACTICES**
**(Illinois Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*)**

35.     Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 34 above as if set forth herein.

36.     WorkflowOne's use of the VENUE mark in connection with the sale, offering for sale, distribution, or advertising of, or in connection with, its goods and services has caused, and continues to cause, a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods and services.

37.     WorkflowOne's use of the VENUE mark in connection with the sale, offering for sale, distribution, or advertising of, or in connection with, its goods and services has caused, and continues to cause, a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Plaintiffs.

38.     Upon information and belief, WorkflowOne's conduct complained of herein has been, and continues to be, willful.

39.     WorkflowOne's conduct complained of herein constitutes unfair and deceptive trade practices in violation of 815 ILCS 510/1 *et seq*., and WorkflowOne's conduct has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of misunderstanding, and serious and substantial injury to Plaintiffs' business, goodwill, and reputation as symbolized by the VENUE mark, for which Plaintiffs have no adequate remedy at law.

40.     As a direct and proximate result of WorkflowOne's conduct complained of herein, WorkflowOne has caused, and is likely to continue causing, serious and substantial injury to Plaintiffs, and Plaintiffs are entitled to injunctive relief and all other available remedies, including without limitation costs and attorneys' fees, pursuant to 815 ILCS 510/1 *et seq.*

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(1)     Enter judgment that WorkflowOne has engaged in unfair competition and false designation of origin pursuant to the Lanham Act, 15 U.S.C. § 1125(a);

(2)     Enter judgment that WorkflowOne has engaged in federal trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1114;

(3)     Enter judgment that WorkflowOne has engaged in unfair and deceptive acts or practices pursuant to the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*;

(4)   Order that WorkflowOne and each of its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, or on behalf of, WorkflowOne, or in concert or participation with WorkflowOne, be preliminarily and permanently enjoined from:

   (a)   Using the VENUE mark or any other confusingly similar copy, reproduction or colorable imitation on or in connection with its business or any of its goods or services, including without limitation on or in connection with its web-based management software solution;

   (b)   Using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with its business or any good or service that is a confusingly similar copy, reproduction or colorable imitation of the VENUE mark, including without limitation on or in connection with a web-based management software solution;

   (c)   Using any trademark, service mark, name, logo, design or source designation of any kind or in connection with its business or any goods or services that is likely to cause confusion, or to cause mistake, or to deceive or public misunderstanding that such goods or services are produced or provided by Plaintiffs, or are sponsored, endorsed, or authorized by Plaintiffs, or are in any way connected or related to Plaintiffs; or

   (d)   Engaging in any acts of deceptive trade practices, as alleged herein.

(5)   Order that WorkflowOne file with the Court and serve on Plaintiffs' counsel within thirty (30) days after issuance of any injunction, or within such reasonable time as the Court may direct, a report in writing and under oath, setting forth in detail the manner and form in which WorkflowOne has complied with any injunction;

(6)   Order that WorkflowOne recall and destroy all goods and services, and other documents or materials prepared in connection therewith, bearing the VENUE mark or any confusingly similar marks, which may have been used by WorkflowOne or under WorkflowOne's authority;

(7)   Order that WorkflowOne deliver up for impoundment and for destruction all signs, packages, receptacles, advertising, promotional or marketing material, catalogs, Internet websites or other material in the possession, custody or control of WorkflowOne that are found to adopt or infringe the VENUE mark or that otherwise constitute false designation of origin or unfair competition with Plaintiffs and their products and services;

(8)   Compel WorkflowOne to account to Plaintiffs for any and all profits derived by WorkflowOne's infringing activities as described herein;

10

(9)    Award Plaintiffs all damages caused by the acts forming the basis of this Complaint, including without limitation WorkflowOne's profits and Plaintiffs' actual damages and/or a license fee or reasonable royalty;

(10)   Based on WorkflowOne's knowing, intentional, and willful use of the VENUE mark and other conduct complained of herein, award treble and/or enhanced damages and/or profits, and punitive damages to the fullest extent permitted by law and equity, as provided for by 15 U.S.C. § 1117(a), 815 ILCS 510/3, and/or other applicable law;

(11)   Award Plaintiffs prejudgment and post-judgment interest, as provided for by 15 U.S.C. § 1117(b) and other applicable law;

(12)   Award Plaintiffs the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), 815 ILCS 510/3, and/or other applicable law; and

(13)   Order all such other and further relief to Plaintiffs as the Court may deem just and equitable.

## JURY TRIAL DEMANDED

Plaintiffs respectfully demand a trial by jury on all claims and issues so triable.

Dated: November 15, 2011         Respectfully submitted,

By:  /s/ Janet M. Garetto
      Janet M. Garetto (IL 6242948)
      jgaretto@nixonpeabody.com
      Russell J. Genet (IL 6255982)
      rgenet@nixonpeabody.com
      Gina M. McCreadie (*pro hac vice to be requested*)
      gmccreadie@nixonpeabody.com

      NIXON PEABODY LLP
      300 South Riverside Plaza, 16th Floor
      Chicago, IL 60606
      Telephone: 312-425-3900
      Facsimile: 312-425-3909

      Attorneys for Plaintiffs R. R. Donnelley & Sons Company and Heritage Preservation Corporation